UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

In re: Dial Complete Marketing          Case No. 11-md-2263-SM
and Sales Practices Litigation          ALL CASES
                                        Opinion No. 2014 DNH 148

**O R D E R**

Defendant's Motion for an Evidentiary Hearing on Class Certification, doc. no. 165, is denied. In support of their respective class certification arguments the parties have submitted extensive evidence that goes well beyond the pleadings, including expert reports and depositions; the deposition testimony by the named plaintiffs and Dial's Vice President in charge of Dial Complete marketing; reports about customer purchasing habits; and statements from Dial employees. See Comcast Corp. v. Behrend, ___ U.S. ___, 131 S. Ct. 1426, 1432 (2013) (courts should "probe behind the pleadings before coming to rest on the certification question.") (quotation marks omitted). In light of that substantial body of evidence and extensive briefing by the parties, the court perceives no substantial need in this case for additional live testimony. See In re Puerto Rican Cabotage Antitrust Litig., 269 F.R.D. 125, 130, 135 (D.P.R. 2010) (Dominguez, J.) (finding no need for evidentiary hearing in resolving class certification issues where the court "received ample evidence from all parties," including

"affidavits and expert reports."); In re eBay Seller Antitrust Litig., 2009 WL 2779374, at *1 (N.D. Cal. Sept. 1, 2009) (denying defendant's request for evidentiary hearing "given the breadth . . . of the record available in this case" and because the proposed hearing testimony had already been submitted in deposition testimony and in expert reports).

To the extent defendant wishes to "highlight the testimony and documents that each side considers most relevant to class certification" (Def. Br., doc. no. 165-1, at 7), oral argument will suffice. To the extent defendant wishes to address the "brand new expert report" (id. at 1) that plaintiffs referenced in their reply brief in support of their motion for class certification, that is best done in a sur-reply. Of course, "should this Court conclude that the record requires supplementing or clarifying in the process of writing its Memorandum Opinion and Order resolving the pending [motion for class certification], it will inform the parties." In re Polyurethane Foam Antitrust Litig., Case No. 1:10-md-2196-JZ, at 4-5 (N.D. Ohio Dec. 20, 2013).

Counsel shall confer with the Deputy Clerk regarding convenient dates for oral argument, if oral argument is desired on the certification motion. Defendant shall file its sur-reply

2

in opposition to the motion for class certification within 30 days of the date of this Order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 26, 2014

cc:      Richard J. Arsenault, Esq.
Eugene F. Assaf, Esq.
Daniel E. Becnel, Jr., Esq.
Robert M. Becnel, Esq.
Karl A. Bekeny, Esq.
Paul E. Benson, Esq.
Amy Bloom, Esq.
Jordan L. Chaikin, Esq.
Elizabeth M. Chiarello, Esq.
Salvadore Christina, Jr., Esq.
John R. Climaco, Esq.
Randall S. Crompton, Esq.
Stuart A. Davidson, Esq.
Mark J. Dearman, Esq.
Douglas P. Dehler, Esq.
Christopher M. Ellis, Esq.
John E. Galvin, III, Esq.
Jonathan H. Garside, Esq.
Mark J. Geragos, Esq.
Jayne A. Goldstein, Esq.
Eric D. Holland, Esq.
Edwin J. U, Esq.
D. Scott Kalish, Esq.
Lucy J. Karl, Esq.
Shelley Kaufman, Esq.
Sean T. Keith, Esq.
Adam J. Levitt, Esq.
Patricia E. Lowry, Esq.
Thomas D. Mauriello, Esq.
Robert H. Miller, Esq.
Matthew B. Moreland, Esq.
Cullen A. O'Brien, Esq.
Edward K. O'Brien, Esq.
John A. Peca, Jr., Esq.

3

Chad W. Pekron, Esq.
Frank E. Piscitelli, Jr., Esq.
David C. Rash, Esq.
Richard D. Raskin, Esq.
Allison W. Reimann, Esq.
Fred R. Rosenthal, Esq.
Charles E. Schaffer, Esq.
Miriam L. Schimmel, Esq.
Gerard B. Schneller, Esq.
Eugene A. Schoon, Esq.
James C. Shah, Esq.
Joseph J. Siprut, Esq.
Andrew J. Sokolowski, Esq.
Steven J. Stolze, Esq.
Reginald Von Terrell, Esq.
John C. Theisen, Esq.
Robert C. Tucker, Esq.
John M. Turner, Esq.
Patrick G. Warner, Esq.
Robert R. Younger, Esq.